### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**AMERICAN POSTAL WORKERS UNION,**
**AFL-CIO,**
                    **Plaintiff**

          **v.**                                          **Civil Action No. 00-2650 (JGP)**

**UNITED STATES POSTAL SERVICE,**

                    **Defendant**

### MEMORANDUM OPINION

This case comes before the Court on the **Motion for Summary Judgment** [#19] filed by

United States Postal Service ("USPS").  The motion is opposed by the American Postal Workers

Union, AFL-CIO ("APWU") [#21].  After giving careful consideration to the motion and the

opposition thereto and the record, the Court concludes that the motion should be granted and that

the case should be dismissed with prejudice.

### I

Briefly, the facts are as follows: Barbara Rice (the"Grievant"), an employee of USPS was

removed from her job for allegedly falsifying official documents.  USPS contended that the Grievant

had signed two CA-8 Forms, Claim for Continuing Compensation on Account of Disability.  She

signed Supervisor Mary Livoti's signature in the Signature of Official Superior in Item 22  and also

filled in Item 19 which was to be completed by a physician. Defendant's Motion Exhibit 6 at 3

(Arbitrator's Award).  While the Grievant admitted that she signed her supervisor's signature, she

contended that she had done so in the past with the approval of her supervisor. *Id.* at 3-4.  The

APWU grieved the matter, however, the grievance was unresolved and was appealed to arbitration.

*Id.*  The parties mutually chose Arbitrator Lawrence C. Yehle and on July 11, 2000, a hearing was held.  APWU was represented by Advocate Charles Sundgaard and he was assisted by Technical Assistant John Palmer. Compl. ¶ 11.  USPS was represented by Advocate Robert Golden and he was assisted by Technical Assistant Drusilla Wylie. *Id.* ¶ 12.

USPS presented its case first. USPS Statement of Facts ("USPS Statement") ¶13, APWU Statement ¶13. Golden made an opening statement.  Sundgaard reserved his opening statement until after the USPS case-in-chief. Statements ¶14[1].  Sundgaard made a standing objection to certain evidence, including evidence from a different forum. APWU Statement ¶14.  USPS states that the standing objection was limited to the introduction of evidence from a different forum.[2] USPS Statement ¶14.  The Arbitrator acknowledged and explained the standing objection.  USPS then presented the testimony of the Grievant's supervisor and possibly one other witness, but the parties are in disagreement about this. Statements ¶16.  After the presentation of the USPS case-in-chief, Sundgaard opened the APWU case.  After calling one other witness, the APWU called the Grievant and during the cross-examination of the Grievant, APWU objected to the manner in which the Arbitrator was conducting the hearing. Arbitrator Award ("Award") at 2. The objection was related to Golden's cross-examination based on a transcript of an Office of Workers Compensation ("OWPC") hearing where the Grievant was a witness.  Statements ¶¶ 20, 21.  APWU objected to the fact that (1) the Grievant did not have a copy of the transcript, (2) the transcript was new evidence, (3) that Golden was attempting to put words in the Grievant's month, (4) that the transcript was hearsay, and (5) that the transcript came from other than the grievance-arbitration process.

---

[1]  "Statements" is used where the parties are in substantial agreement as to the facts.

[2]  The hearing before the Arbitrator was not transcribed.

2

Statements ¶23. Sundgaard also objected to Arbitrator's direction that the Grievant answer Golden's questions in a "yes" or "no" fashion. APWU Statement ¶ 26. He reminded the Arbitrator that earlier, the Arbitrator had refused to instruct a USPS witness to limit his answers to "yes" or "no." Statements ¶ 29. The Arbitrator explained that Sundgaard could clarify the Grievant's testimony on redirect. *Id*. Sundgaard requested an "off-the-record" conference but the Arbitrator denied the request. Statements ¶ 30. Sundgaard continued to object to Golden's questions that were based on the OWPC transcript. The Arbitrator had advised the parties that he would give Sundgaard a "standing objection" thus there was no need to continue to interrupt the proceedings with objections. Statements ¶25. The Arbitrator instructed the Grievant to answer "yes" or "no," but when she did not follow that instruction, the Arbitrator directed Sundgaard to instruct the Grievant to respond "yes" or "no." Statements ¶ 28. Finally, Sundgaard requested an "off the record" conference, but the Arbitrator denied that request. Statements ¶30. Sundgaard asked that the room to be cleared and the Grievant left the room and did not return. Statements ¶ 31. The parties disagree whether the Arbitrator or Sundgaard raised their voices, or whether Sundgaard pointed a finger at the Arbitrator, or which one remained composed. Statements ¶¶ 32-34. At some point, it appears that the Arbitrator advised Sundgaard that he was "out of line" and that he was stepping over the line of "negative inference." USPS ¶ 35. Sundgaard remembers it differently. He believes that the Arbitrator threatened to end the hearing and told Sundgaard that his objections were meaningless. He recalls that the Arbitrator told him that he was going to remove Sundgaard from the case and appoint Palmer to finish the case. APWU ¶ 35. The Arbitrator offered Sundgaard the opportunity to continue the case provided he did not object in the manner that he had. Statements ¶ 36. Sundgaard told the Arbitrator that he did not feel there would be a fair hearing under the conditions imposed by the

Arbitrator.  APWU ¶ 37.  Sundgaard told the Arbitrator that "I don't think you're capable of rendering a fair decision at this point and I can't subject the Grievant to this.  We're leaving." *Id*. Sundgaard Deposition at 73.  As APWU collected its papers, "Golden requested, in Sundgaard's presence, that [the] Arbitrator [   ] issue a decision and the Arbitrator indicated that he did not need anything further in order to issue one."  Statements ¶ 38.  APWU also filed "Additional Material Facts As To Which There Is A Genuine Dispute" to supplement its Statement of Facts in support of the opposition to the motion. That document refers to the dispute between Sundgaard and the Arbitrator and contains the allegations that the Arbitrator "told Sundgaard that his objections were meaningless and that he was not allowed to object anymore," that he told Sundgaard that "he was going to remove Sundgaard and appoint Palmer to finish the case," that he "ruled that Sundgaard must leave and Palmer would finish the case."

The Arbitrator filed an Award noting that USPS "argues that the Grievant decreased her workload from six (6) hours per day to four (4) per day by entering '4 hours per day, 5 days per week' on a CA-8 Form and signing her supervisor's name to the form." Award at 1.  He noted further "that the APWU argued that the Grievant was given permission by the supervisor sign her [the supervisor's] name to the form and that she had been doing so for the past year." *Id*.  APWU also argued that the termination was unfair and that the termination "did not meet the test of a just cause discharge."  The Arbitrator found that the APWU did not dispute that the Grievant signed the CA-Forms at Item 22, and he was satisfied that USPS "provided credible testimony that the supervisor did not authorize the Grievant  to sign her name to the CA-8 Forms." *Id*. at 4.  He found, however, that the record did not show that Grievant made an entry in block Item 19 of the form, that block being for the recommendation and prognosis by a physician. Thus, that finding was for the Grievant.

4

As to the evidential or procedural issues that arose during the hearing, the Arbitrator stated that, "the Union, after objecting to the manner in which the arbitrator was conducting the hearing, elected not to go forward with the hearing, and the hearing was adjourned." Award at 5.  He noted that the "absence of a party or 'ex parte' has been the frequent subject of arbitral discussion over the years." *Id*.  In the end, he treated the hearing as ex parte and conducted it under the ex parte rules because "1) the Union chose not to go forward with the hearing; 2) the Postal Service requested a determination be made and an award be issued based upon the case it had concluded; 3) it was determined the record was sufficiently developed to render an award." Award at 7.  He denied the grievance.

## II

This case comes before the Court on the defendant's motion for summary judgment which is filed pursuant to Fed. R. Civ. P. 56.  Judgment may be entered if the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56 (c).  After giving careful consideration to the motion and the opposition thereto, together with the supporting papers and the pleadings, the Court concludes there is no genuine issue of any *material* fact. Although there are factual disputes as to what was said by the Arbitrator and Sundgaard, there is no dispute as to the merits. For example, the parties agree that the Grievant signed her supervisor's name to the form as alleged by USPS. The Arbitrator found that USPS presented creditable evidence that the supervisor did not authorize the Grievant to signed the supervisor's name. On the other hand, the Arbitrator accepted the APWU's argument that the Grievant did not  make an entry in block Item19.  There is no dispute that at some point, APWU decided not to go forward with the hearing, after which, the hearing was adjourned. After the

Grievant and APWU left the hearing room, the Arbitrator treated the hearing as ex parte. The Arbitrator's disputed rulings as to the use of the evidence were procedural in nature.

"It is well-settled that 'the courts play only a limited role when asked to review the decision of an arbitrator'." *Teamsters Local Union No 61, AFL-CIO v. United Parcel Service, Inc.* 348 U.S. App. D.C. 198, 202, 272 F.3d 600, 604 (2001)(citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370 (1987)). Courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or misinterpretation of the contract." *Id.*

Here, the dispute does not go to the merits. It relates to an evidentiary ruling by the Arbitrator as to USPS's attempt to cross-examine the Grievant based upon a transcript of her testimony in another hearing. When APWU objected and the Arbitrator overruled its objection. APWU  was given an opportunity to clarify the Grievant's "yes" or "no" answers on redirect, if it felt that was necessary. The decision of the Arbitrator on this matter was arguably within the scope of his authority, therefore, the defendant's motion for summary judgment must be granted and the case should be dismissed with prejudice.

An appropriate order has been entered.

**March 31, 2006**

_____
**JOHN GARRETT PENN**
**United States District Judge**
